By the Court.—Freedman, J.
The true construction of the Code in my judgment is, that as long as a cause has been noticed for trial, the party finally pre *174 vailing, either at the trial or on special motion for want of prosecution, is entitled to costs for all proceedings after notice of trial, and to the costs for each term, not exceeding five, at which the cause was necessarily on the calendar, though the notice of trial was not given by him, but by his opponent. Neither from the language of the Code nor from any reported case, can I find that a party’s right to the costs in question der pends strictly upon the fact that he noticed the cause for trial. Tillspaugh v. Dick (8 How. Pr. 33), is plainly distinguishable. In that case there were two defendants. One of them had noticed the cause for trial, and as to him the complaint had been dismissed. As to the defendant who asserted the claim for costs after notice of trial, and for term fees, the cause had been noticed by neither side, and it was in view of this fact, and in reference to this defendant, that the court observed: “ As to this defendant the cause has never been noticed for trial; .... it was never on the calendar as between these parties.”
The costs' under consideration, it seems to me, are given to either party for preparation rendered necessary in consequence of the service of a notice of trial. The preparation to be made is the same whether only one or both parties give such notice. If I am correct in this, it follows that in the case at bar it was an immaterial fact that the defendant had failed to notice the cause for trial, because it appeared that the plaintiff had dope so, and that the cause, had been necessarily on the calendar for more than five terms under said notice, during which time the defendant was compelled to attend, though he was not in a position to take the plaintiff s default.
The order should be reversed with $10 costs, and a new taxation ordered, with instructions to the clerk to allow $15 after notice of trial, and $50 for term fees.
Russell, J., concurred.